**ALD-294**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1113
_____

DERECK STONES
                              Appellant
v.

LAWRENCE MCDONALD;
WARDEN SUSSEX CORRECTIONAL INSTITUTION;
CORRECT CARE SOLUTIONS; CARL C. DANBERG
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-12-cv-00711)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 17, 2014

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Filed: August 4, 2014)
_____

OPINION
_____

PER CURIAM

Dereck Stones appeals the District Court's order granting Appellees' motions for summary judgment. For the reasons below, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Stones's claims are well known to the parties, set forth in the District Court's memorandum opinion, and need not be discussed at length. Briefly, Stones alleged in his complaint that Appellees were deliberately indifferent to an accidental ankle injury. He requested monetary damages and an injunction requiring the Appellees to provide him with surgery. Appellees filed motions for summary judgment, which the District Court granted. Stones filed a notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In order to state a claim under the Eighth Amendment for denial of medical care, Stones needed to show that the Appellees were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. A

2

medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth County Correctional Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (internal citation and quotation omitted).

In his response to Appellees' motions for summary judgment, Stones admitted that in August 2010 he was examined by a nurse practitioner who ordered an x-ray. He was seen by an outside therapist in February 2011, a neurology specialist in March 2011, and a neurologist in June 2011. He was prescribed pain medication in June 2011. In August 2011, he was seen by an orthopedic specialist, Dr. Orsini. He saw Dr. Orsini again in August 2012 and February 2013. He did not dispute that he received an EMG, an MRI, and an ankle brace.

In a September 9, 2011 medical record, Dr. Orsini wrote that he and Stones had discussed treatment at length but that Dr. Orsini did not believe that the nerve damage could be fixed. When Stones expressed his belief that his situation was the fault of the prison, Dr. Orsini advised him that there was no fault to be had: he was injured and nerve damage occurred. Dr. Orsini recommended that Stones utilize his ankle brace. In an August 6, 2012 letter, Dr. Orsini stated that:

> "[w]e discussed treatment. Unfortunately, I cannot fix his problem. The common peroneal nerve is damaged and at this time we did not have the capabilities of repairing it. A peripheral nerve decompression could be performed but I doubt it would be worth it. This was discussed at length. I have encouraged him to utilize the brace at all times. Neurotonin appears to be helping with his neuritic pain. He is [to] return on a when necessary

3

> basis.  All questions were answered.  As long as he continues to do well with the brace no further treatment is necessary."

In a March 19, 2013 letter, Dr. Orsini wrote that he discussed Stones's treatment with him at length and reiterated that there were no issues with the treatment he received and his nerve damage would not have changed regardless of when he was seen.  Dr. Orsini noted that surgery was an option but not recommended at that time.  Thus, an orthopedic specialist did not recommend surgery and opined that the Appellees' treatment of Stones's ankle injury was not the cause of any nerve damage.

In his response to possible summary action, Stones asserts that although an x-ray was ordered in August 2010, he was not seen by a specialist until February 2011 and did not receive pain medication until June 2011.  He argues that this timeline is enough to defeat Appellees' motions for summary judgment.  However, Stones does not point to any requests he made for pain medication, nor recommendations by a medical professional that he be given pain medication for his injury, that were ignored.  He has not alleged any acts by Appellees that would support a finding that any failure to give him pain medication was the result of deliberate indifference rather than medical judgment.  "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations."  Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).  We note that Stones did not complain of a lack of pain medication in his complaint.

4

Stones has failed to show that there is a genuine dispute as to any material fact regarding his claims of deliberate indifference on the part of Appellees.  The District Court did not err in granting Appellees' motions for summary judgment.  Summary action is appropriate if there is no substantial question presented in the appeal.  <u>See</u> Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6. Stones's motion for the appointment of counsel is denied.